**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4099**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAVIER BELTRAN VALDERRAMA,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Senior District Judge.  (1:07-cr-00200-NCT-8)

Submitted:  June 2, 2009                Decided:  July 6, 2009

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina,
for Appellant.  Sandra Jane Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Beltran Valderrama pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute 5 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). The district court sentenced Valderrama to 120 months' imprisonment, the minimum imprisonment term required by statute. He now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Valderrama has filed a document we construe as a pro se supplemental brief. We affirm.

To the extent that Valderrama claims that his guilty plea was not knowingly and voluntarily made, we review this claim for plain error, as Valderrama did not move in the district court to withdraw his guilty plea. United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To ensure the voluntariness of a guilty plea, the district court must conduct a plea colloquy that substantially complies with the requirements of Fed. R. Crim. P. 11. Under the plain error standard, Valderrama must show that an error or omission in the plea colloquy affected his substantial rights, meaning that, but for the error, he would not have pled guilty. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the

2

transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Valderrama's guilty plea and that the court's omissions did not affect Valderrama's substantial rights. Critically, the district court ensured that the plea was supported by an independent factual basis and that Valderrama entered the plea knowingly and voluntarily with a full understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Further, Valderrama does not suggest that he would have declined to plead guilty had the district court's Rule 11 colloquy been more exacting.

Although Valderrama now claims that he did not engage in any illegal behavior, this assertion is contradicted by his sworn testimony at the Rule 11 hearing, which is presumed to be true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). This court has held that when a defendant subsequently claims to have lied during the Rule 11 colloquy, "he bears a heavy burden in seeking to nullify the process." United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003). After review of the record, however, we conclude that Valderrama fails to meet this burden as he fails to put forth any reason why his testimony accepting guilt at the Rule 11 hearing should not be accepted as true.

Accordingly, because Valderrama's guilty plea was knowingly and voluntarily made, we discern no plain error.

We turn next to Valderrama's 120-month prison sentence. We review a criminal defendant's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. When reviewing a sentence on appeal, we presume that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Further, a statutorily required sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Valderrama, and his sentence is reasonable. Valderrama was subject to a mandatory minimum prison term of ten years under 21 U.S.C. § 841(b)(1)(A). Although Valderrama's initial Guidelines range would have been 97 to 121 months had he not been subject

4

to the statutory minimum, the district court properly took the mandatory minimum into account and correctly calculated Valderrama's Guidelines range at 120 to 121 months. The court gave the parties an opportunity to argue for an appropriate sentence in that range and heard from Valderrama. The 120-month prison sentence Valderrama received was within the properly-calculated Guidelines range and the minimum required by statute.

Finally, as to Valderrama's claim that counsel rendered ineffective assistance, we conclude that this claim is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West 2008), unless counsel's alleged deficiencies conclusively appear on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Since none of the issues raised by Valderrama have any merit, we find no conclusive evidence that counsel rendered ineffective assistance.

As required by Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Valderrama, in writing, of the right to petition the Supreme Court of the United States for further review. If Valderrama requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Valderrama.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED